# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60928

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TIMOTHY DALE JACKSON,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

Before OWEN, GRAVES, and HIGGINSON, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

Timothy Dale Jackson appeals his conviction for income tax evasion and corrupt interference with the administration of Internal Revenue laws claiming deprivation of the Sixth Amendment right to counsel of choice. Because the district court did not abuse its discretion when it disqualified Jackson's counsel of choice for non-waivable conflicts of interest, we **AFFIRM**.

## FACTS AND PROCEDURAL BACKGROUND

Timothy Dale Jackson engaged in a tax-avoidance scheme promoted by the Church of Compassionate Service and its senior minister, Kevin Hartshorn. As part of the scheme, Jackson became a minister of the Church, held himself out to have taken a vow-of-poverty, and transferred all assets and

No. 14-60928

assigned future income to the Church.  Jackson then claimed, according to Hartshorn's interpretation of the IRS's vow-of-poverty regulations, exemption from federal income taxation.  Despite the vow of poverty, Jackson maintained possession of his assets and received 90% of his income back from the Church to pay for personal expenses such as mortgages, vehicles, food, horses, school tuition, and clothing.  Hartshorn and the other ministers of the Church did the same.

After coming under IRS investigation, Jackson retained John J.E. Markham, II as counsel.  Jackson retained Markham because he was at the time, or had previously, represented Hartshorn, the Church as an entity, and other ministers of the Church in similar investigations.[1]  Markham represented Jackson throughout the investigation and, upon Jackson's indictment, was admitted *pro hac vice* to represent him during trial.

The government moved to disqualify Markham as Jackson's counsel because of two situations creating conflicts of interest.  First, Markham's representation of Hartshorn and other participants of the tax-avoidance scheme, whom the government intended to call as witnesses during trial, would require Markham to cross-examine current or former clients, resulting in divided loyalties.  Second, Markham's borrowing of money from the Church, which was later repaid, and his fee to represent Jackson was to be paid with Church funds controlled by Hartshorn (meaning Hartshorn would have ultimate control over whether or how much Jackson's attorney was paid).  This

---

[1] At the time of Jackson's indictment, Markham was actively representing Hartshorn in an IRS investigation and civil proceedings in the United States District Court for the District of Utah and the United States Court of Appeals for the Tenth Circuit initiated because of his promotion of the tax-avoidance scheme.  Markham had also made a presentation to federal prosecutors on behalf of Church ministers Karen and Tom Goode because of their participation in the same scheme.

2

created, according to the government, actual conflicts of interest or, at a minimum, the potential for conflicts of interest to arise during trial.

Jackson opposed disqualification, stating that Jackson and Hartshorn were aware of the conflicts, retained separate counsel to review issues that may arise because of the conflicts, and knowingly and voluntarily waived all conflicts. Jackson further asserted that Hartshorn's interests were completely aligned with his own, even if Hartshorn was called as a government witness, because Hartshorn's testimony would be that he advised Jackson that IRS regulations exempted Jackson from federal income taxes because of his role as a minister for the Church.[2]

The district court assumed the waivers were valid, but found the conflicts of interest to be non-waivable and disqualified Markham. Following trial, Jackson was convicted of four counts of income tax evasion and one count of corrupt interference with the administration of Internal Revenue laws. Jackson now requests his conviction be vacated and the case be remanded for retrial because the disqualification of Markham deprived him of the Sixth Amendment's right to counsel of choice.

## DISCUSSION

We review the disqualification of counsel because of conflict of interest for abuse of discretion. *United States v. Sanchez Guerrero*, 546 F.3d 328, 332-33 (5th Cir. 2008). Review for abuse of discretion is deferential. *United States v. Anderson*, 755 F.3d 782, 800 (5th Cir. 2014). An abuse of discretion occurs if the district court: "(1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (internal quotation marks and citation omitted). The district court is therefore "allowed substantial

---

[2] Jackson planned to illicit this testimony in support of a state-of-mind defense.

No. 14-60928

latitude in refusing waivers of conflicts of interest" for an actual conflict of interest or a serious potential conflict that may arise during trial. *Wheat v. United States*, 486 U.S. 153, 163 (1988).

## I.

The Sixth Amendment grants criminal defendants the right to "assistance of counsel for [their] defense." U.S. CONST. amend VI. Assistance of counsel includes the right to select an attorney of one's choosing. *United States v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007) (citing *Powell v. Alabama*, 287 U.S. 45, 53 (1932)). This right, however, is not absolute. *Wheat*, 486 U.S. at 159. Rather, the right to counsel of choice is limited if that counsel has an actual conflict of interest or a serious potential conflict of interest that may arise during trial. *United States v. Sotelo*, 97 F.3d 782, 791 (5th Cir. 1996). Therefore, while we recognize a presumption that a defendant is entitled to counsel of choice, that presumption may be rebutted by a showing of actual or potential conflicts of interest. *Wheat*, 486 U.S. at 164; *Gharbi*, 510 F.3d at 553.

This is so even if valid waivers are acquired by defense counsel. *Gharbi*, 510 F.3d at 553. A waiver is not sufficient to remedy constitutional infirmity because the courts are obligated to conduct proceedings "within the ethical standards of the profession and . . . appear fair" to the public. *Wheat*, 486 U.S. at 160. Therefore, "[w]hen a defendant's selection of counsel . . . gravely imperils the prospect of a fair trial, a trial court may justifiably refuse to accede to the choice." *Id.* at 166 (Marshall, J. dissenting).

## II.

The district court did not abuse its discretion when it disqualified Markham because he held actual and potential conflicts of interest. The district court properly acknowledged the presumption to counsel of choice, but also properly decided that the presumption was overcome. The court found that Markham currently represented or had represented Jackson, Hartshorn,

and other Church ministers in similar or related proceedings. The representation of potential government witnesses presented, in the district court's view, three problems: first, Markham's cross-examination may be "tempered by [his] obligation or need to protect" Hartshorn and the Goodes, or adversely, extensive cross-examination by Markham could damage his other clients. Second, the court found that Jackson and Hartshorn's interests were not completely aligned since cross-examination of Hartshorn while under criminal investigation and subject to a civil injunction[3] could endanger Hartshorn's legal interests.[4] And third, Hartshorn's control of Jackson's attorney's fees created further divided loyalties, possibly requiring Markham to choose between vigorously representing his client or pleasing the person paying that client's fees. These factors, taken together, were the basis for the district court's holding that Markham's actual and potential conflicts of interest could not be overcome by waiver.

This conclusion is supported by our precedent. We have affirmed the disqualification of a defense attorney who also represented a proposed government witness. *United States v. Millsaps*, 157 F.3d 989, 995-96 (5th Cir. 1998). We have also held that the cross-examination of a current or former client can be a conflict of interest. *Perillo v. Johnson*, 205 F.3d 775, 802 (5th Cir. 2000). And the Supreme Court has noted "the inherent dangers that arise

---

[3] The civil proceedings, discussed above, resulted in Hartshorn being subject to a civil injunction preventing him from giving further tax advice regarding the vow of poverty exemptions.

[4] Indeed, Jackson acknowledged the conflict in both his pre-conviction Motion to Suppress Dr. Timothy Jackson's Statement Due to Actual Conflict of Interest of His Former Trial Counsel ("It is quite obvious that this 'serious conflict' existed with attorney Markham from the moment he began providing advice to Dr. Jackson") and his post-conviction Motion for Downward Variance ("Dr. Jackson rationalized the nonsensical advice obtained from these charlatans because he believed that their arguments were consistent with his strong religious beliefs.").

No. 14-60928

when a criminal defendant is represented by a lawyer . . . paid by a third party."
*Wood v. Georgia*, 450 U.S. 261, 268-69 (1981).

Jackson argues that Markham would not have been disqualified if the district court engaged in a different analysis, and lists seven additional steps the district court could have taken. *See* Brief of Appellant at 15. But, a court does not abuse its discretion by failing to engage in a defendant's preferred analysis of the issues. The district court's findings of actual and potential conflicts of interest are supported by the record and our precedent. Jackson's counsel of choice was properly disqualified.

## CONCLUSION

The conviction is **AFFIRMED**.